UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| WBY, INC., a/k/a FOLLIES, | ) | CHAPTER 11 |
|       Debtor | ) | CASE NO. 16-52291-JRS |
| _____ | ) | |
| WBY, INC., a/k/a FOLLIES | ) | JUDGE SACCA |
|       Objector, | ) | |
| v. | ) | CONTESTED MATTER |
| BREEZY HURST, | ) | |
|       Claimant. | ) | |

**OBJECTION TO CLAIM OF
BREEZY HURST [CLAIM NO. 2]**

COMES NOW WBY, INC a/k/a FOLLIES, Debtor and Debtor-in Possession in the above-referenced bankruptcy case and Objector herein, who hereby files this objection to the claim of BREEZY HURST (hereinafter "Claimant") [Claim No. 2] respectfully showing the following:

1. The above-styled bankruptcy case was commenced by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code on February 5, 2016.

2. The Court has jurisdiction over this Objection pursuant to 28 U.S.C §§157 and 1334. This is a core proceeding under 28 U.S.C. §§1408 and 1409.

3. In the *Schedule F* filed in this Case, Debtor scheduled Claimant as having a contingent, unliquidated and disputed claim in the Amount of $10.00.

4. Claimant filed a claim in this Case, Claim No. 2, on February 29, 2016 for "approximately $121,344.00 plus attorney's fees" based on the Fair Labor Standards Act.

5. Claimant filed no documents in support of her claim for "approximately $121,344.00 plus attorney's fees" and filed no evidence of either the amount of her claim or of her status as a former employee of Debtor thereby entitling her to relief under the Fair Labor Standard Act.

6. This claim cannot stand under the Fair Labor Standard Act as the Claimant was not an employee of the Debtor. Claimant was an independent contractor who worked for the Debtor.

7. No cause exists to allow this claim of Claimant.

8. Debtor moves this Court to find that Claimant is an independent contractor of the Debtor and that Debtor is not liable to Claimant in any amount.

WHEREFORE, Debtor prays that

    a. This matter be heard by the Court;

    b. This Court enter an order finding that Claimant is an independent contractor and that Debtor is not liable to Claimant in any amount;

    c. That if the Court finds that Claimant is not an independent contractor that the Court make a determination as to the amount of the Claimant's allowed claim;

    d. This Court grant the Debtor such other and further relief as the Court determines to be just and equitable.

Counsel for Debtor,

*/s/ Edward F. Danowitz, Jr*
Edward F. Danowitz, Jr.
GA Bar No. 001380
edanowitz@danowitzlegal.com

***Danowitz & Associates, P.C.***
300 Galleria Parkway, NW          */s/ Karen L. Kropp*
Suite 960                         Karen L. Kropp
Atlanta, GA 30339                 GA Bar No. 429936
770-933-0960                      kkropp@danowitzlegal.com

## CERTIFICATE OF SERVICE

I, Karen L. Kropp, certify that I am over the age of 18 and that on March 8, 2016, I served a copy of the foregoing *DEBTOR'S OBJECTION TO CLAIMS OF BREEZY HURST [CLAIM NO. 2]* by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Thomas W. Dworschak, Esq.
Office of the U.S. Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, GA 30303

Charles R. Bridgers, Esq.
DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC
3100 Centennial Tower
100 Marietta St. NW
Atlanta, GA 30303

Michael A. Caldwell, Esq.
DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC
3100 Centennial Tower
100 Marietta St. NW
Atlanta, GA 30303

WBY, INC.
260 Peachtree St. NW,
Suite 401
Atlanta, GA 30303-1253

*Karen L. Kropp, Esq.*
Karen L. Kropp
GA Bar No 429936
kkropp@danowitzlegal.com