UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **In Re:** <br><br> **WBY, INC.,** a/k/a **FOLLIES** <br><br> **Debtor,** | CHAPTER 11 <br> CASE NO. 16-52291-JRS |
| **BREZZY HURST,** <br><br> **Movant,** <br><br> vs. <br><br> **WBY, INC.,** a/k/a **FOLLIES,** <br><br> **Respondent.** | CONTESTED MATTER |
| **TIARA PAYNE, TASHIA ANDERSON, AND KRISTIN JOURNIGAN, ET AL.,** <br><br> **Movants,** <br> vs. <br><br> **WBY, INC.,** a/k/a **FOLLIES,** <br><br> **Respondent.** | |

**MOTION FOR RECONSIDERATION OF ORDER GRANTING LIMITED
RELIEF FROM THE AUTOMATIC STAY AND OTHER RELIEF**

Brezzy Hurst, Tiara Payne, Tashia Anderson, and Kristin Journigan, et al., (the "Movants") hereby move for reconsideration of the Order entered on May 11, 2016, at Docket No. 67 (the "Order"). The Order, at page 1 paragraph 1, provides in relevant part that the automatic stay is lifted on a limited basis so that Movants:

1

> *may proceed for the purpose of the District Court determining (i) whether the Plaintiffs and Hurst were employees of WBY, Inc. and, if so (ii) whether Debtor violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., by failing to compensate Plaintiffs and/or Hurst with wages at the minimum rate.*

This language differed from the language proposed by the Movants in that it omitted the following phrase (which is explained in detail below):

> *if Debtor violated the FLSA (A) whether Debtor acted willfully or in good faith and (B) the extent to which specific fines, fees, and tip-outs qualify as unlawful "kickbacks" pursuant to 29 C.F.R. § 531.35.*

(hereinafter "the Proposed Language")

As shown below, Movants assert that the omission of the Proposed Language frustrates the true intention of the Court:

## THE DISTRICT COURT ACTION

1. In both District Court Actions impacted by the Order, Debtor contends that Movants were not employees, but were instead independent contractors. District Dkt. 13, pg. 2; *see also* Dkt. 23 (Objection to Claim of Creditor Breezy Hurst).

2. In the District Court Actions, the following issues must be decided in order to determine whether the Debtor was in violation of the FLSA:

    a. A determination that Claimant was a non-exempt employee entitled to protection under the FLSA;

    b. A determination that the Debtor violated the minimum wage provisions of the FLSA; and

    c. A determination that Debtor acted willfully and without good faith in violating the FLSA.

2

3.  Once the determinations referenced in Paragraph 2 above are made, if they are in favor of the Claimants, the Claimants would be entitled to:

    a. A determination of the hours Claimant worked as well as amount of the fines, fees, and tipouts paid to Debtor;

    b. An award against the Debtor for the amount of unpaid minimum wages owed free and clear of any kickbacks paid to Debtor and liquidated damages;

    c. An award against the Debtor of prejudgment interest to the extent liquidated damages are not awarded; and

    d. An award against the Debtor of reasonable attorney's fees and costs.

4.  Upon information and belief, the intent of the Court in entering the Order was to allow the District Court to determine whether the Debtor was in violation of the FLSA (the items listed in paragraph 2 above). If the finding was that the Debtor *was* in violation of the FLSA, Movants would then return to the Bankruptcy Court to determine whether it or the District Court would determine the damages to which Movants are entitled (the items listed in paragraph 3 above).

5.  As shown below, the omission of the Proposed Language prevents the District Court from making all findings necessary to determine whether the Debtor was in violation of the FLSA.

### THE DETERMINATION AS TO WHETHER FINES, FEES, AND TIP-OUTS QUALIFY AS UNLAWFUL "KICKBACKS" IS INTEGRAL TO DETERMINING WHETHER DEBTOR VIOLATED THE FLSA

6.  The question of whether fines, fees, and tip-outs paid by Plaintiffs and Hurst to the Debtor qualify as unlawful kickbacks pursuant to 29 C.F.R. § 531.35 is an integral part of the core question of whether the Debtor violated the FLSA. Minimum wages must be paid "free and clear" under the FLSA. The kickback question merely determines whether payments of fines,

fees, and tip-outs violated the "free and clear" provision of 29 C.F.R. § 531.35, resulting in a minimum wage violation.

7. Further, the determination of whether the purported kickbacks violated 29 C.F.R. § 531.35 does not entail any sort of computation of damages. In fact, the District Court regularly makes determinations on the legal question of whether payments made by employees constitute kickbacks on summary judgment, but leave the determination of damages for trial. See, e.g., *Dean v. 1715 Northside Drive, Inc. et al.*, 1:14-cv-3775-CAP, Order [Dkt. 102], *14-17, 50 (N.D. Ga. January 14, 2016); *Reich v. Priba Corp.*, 890 F. Supp. 586, 595 (N.D. Tex. 1995); *Reich v. Circle C. Invest., Inc.*, 998 F.2d 324, 330 (5th Cir. 1993); *Donovan v. Tavern Talent & Placements, Inc.*, 1986 WL 32746 (D. Col. Jan. 8, 1986).

8. Moreover, the issues of the fees, fines, and tip-outs paid by Plaintiffs and Hurst will be part and parcel of the analysis of whether an employment relationship exists or not. The FLSA's economic realities test requires consideration of the level of control the purported employer exerted over the employee. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308 (11th Cir. 2013) (citing *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1535 (7th Cir. 1987)).

9. Indeed, Plaintiffs and Hurst intend to argue that the scheme of fees and fines used at Follies is an indirect method of controlling their schedules as well as their ability to earn income in that they were required to arrive at a certain time and remain for a certain amount of time to avoid fees and fines. Because the existence and nature of the fees, fines, and tip-outs must be addressed as part of the context of the economic realities test analysis, it would be highly inefficient the District Court not to consider whether those same fees, fines, and tip-outs violate 29 C.F.R. § 531.35.

10. Just as it has in many other similar cases, the District Court will likely be able to determine on summary judgment whether the fees, fines, and tip-outs constitute kickbacks in violation of 29 C.F.R. § 531.35. In doing so, just as in numerous other cases, it would have no need to determine the amount of the actual damages suffered by each Plaintiff and Hurst.

11. This Court's earlier determination that the issue of damages should be put aside until a later date is not at all inconsistent with granting relief from the automatic stay as to the legal question of whether the fees, fines, and tip-outs paid by Plaintiffs and Hurst violated 29 C.F.R. § 531.35.

## QUESTIONS OF GOOD FAITH AND WILLFULNESS MUST ALSO BE DETERMINED PRIOR TO THE DAMAGES PHASE OF ANY ACTION UNDER THE FLSA

12. The issues of good faith and willfulness are "essentially the same question for two different purposes. The willfulness or good faith question is answered first by the jury to determine the period of limitations and then, if there is a verdict for the employee, again by the judge to determine whether to award liquidated damages." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008).

13. The FLSA extends the statute of limitations from two years to three years if the employer acted "willfully," meaning he "either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc*., 515 F.3d 1150, 1162–63 (11th Cir. 2008) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). An employer acts with reckless disregard if it failed "to make adequate inquiry into whether conduct is in compliance with the Act." 5 C.F.R. § 551.104; *see also* 29 C.F.R. § 578.3(C)(3).

14. While willfulness is typically a jury question, the good faith affirmative defense is often determined on a plaintiff's motion for summary judgment. See, e.g., *Dean v. 1715 Northside Drive, Inc. et al.*, 1:14-cv-3775-CAP, Order [Dkt. 102] (N.D. Ga. January 14, 2016); *Gardner v. Country Club, Inc*., 2015 U.S. Dist. LEXIS 162009 (D.S.C. Dec. 3, 2015); *Newby v. Great Am. Dream Inc*., 2014 U.S. Dist. LEXIS 158829 (N.D. Ga. Oct. 14, 2014) (R&R adopted in *Berry v. Great Am. Dream*, Inc., 2014 U.S. Dist. LEXIS 158501 (N.D. Ga., Nov. 6, 2014).

15. The question of the Debtor's good faith may be raised by the Debtor as a defense well prior to the damages phase of the trial as it is an affirmative defense under the FLSA. In such an instance the Debtor would have the burden of proof. Therefore, the absence of good faith is often determined on summary judgment because the Court can determine that the defendant has failed to meet the heavy burden on its affirmative defense.

16. Where the Court rules that a defendant cannot establish its affirmative defense of good faith, an award of liquidated damages is mandatory. *Morgan v. Family Dollar Stores, Inc*., 551 F.3d 1233, 1270 (11th Cir. 2008); *see also Spires v. Ben Hill Cnty*., 980 F.2d 683, 689 (11th Cir. 1993).

17. "[T]he discretion of the court to decline an award of liquidated damages under 29 U.S.C. § 260 is invoked only if the employer carries its burden of showing both that it acted in good faith and that it had reasonable grounds for believing that it had not violated the FLSA." *Sinclair v Automobile Club of Oklahoma*, *Inc*., 733 F.2d 726 (10th Cir. 1992).

18. Because the affirmative defense of good faith and the question of willfulness are tied up in the nature of the underlying FLSA violation(s), to postpone a determination as to those issues would inevitably result in substantial inefficiency, because Movants would need to put on essentially their entire case a second time, either to the District Court or the Bankruptcy Court to

6

explain why Debtor's actions (or inactions) not only qualify as a legal violation but also establish a "reckless disregard" for the law, and consequently fail to rise to the level of good faith compliance.

19. If this Court were to lift the automatic stay as to the issues of good faith and willfulness, the District Court—which has substantial expertise in FLSA matters—could determine the questions of whether Plaintiffs and Hurst can establish good faith and whether Debtor can prove its affirmative good faith defense. Most importantly, the District Court would make these determinations without calculating any amount of damages.

20. In the event that Debtor establishes its good faith, the question of liquidated damages becomes discretionary. That final determination could easily be severed and determined in a final phase of litigation along with the amount of damages resulting from the underlying FLSA violation(s).

21. Such a course would be far more efficient – for both the Movants *and for the Debtor –* than trying willfulness and good faith in a separate phase of litigation.  It would also preserve the damages issues for future determination, which this Court has determined is appropriate.

WHEREFORE the Movants request that the court make additional findings or amendments to clarify that Movants may also proceed before the District Court to determine: *(A) whether Debtor acted willfully or in good faith and (B) the extent to which specific fines, fees, and tip-outs qualify as unlawful "kickbacks" pursuant to 29 C.F.R. § 531.35.*

Respectfully submitted, this 25th day of May 2016.

                                      OGIER, ROTHSCHILD & ROSENFELD, P.C.

                                      By:  /s/ *Tamara Miles Ogier*
                                            Tamara Miles Ogier
                                            Georgia Bar No. 550355
                                            Attorney for Movant Brezzy Hurst

170 Mitchell St., SW
Atlanta, GA 30303
(404) 525-4000
tmo@orratl.com

                                      MORRIS, MANNING & MARTIN, LLP

                                      By:  /s/ Lisa Wolgast
                                            Lisa Wolgast
                                            Georgia Bar. No. 773399
                                            Attorney for remaining Movants

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA  30326
(404) 233-7000

8

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing pleading by depositing it in the United States Mail, postage prepaid and addressed to:

Edward F. Danowitz, Jr.
Karen L. Kropp
Danowitz & Associates, P.C.
Suite 960
300 Galleria Parkway NW
Atlanta, Georgia 30339

Lisa Wolgast
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA  30326

WBY, Inc.
c/o Surrey White, President
4075 Buford Hwy.
Atlanta, Georgia 30345

Charles R. Bridgers
DeLong Caldwell Bridgers, LLC
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, GA 30303

Leon Jones
Jones & Walden, LLC
21 Eighth Street, NE
Atlanta, GA  30309

Thomas W. Dworschak
Office of the U.S. Trustee
Room 362
75 Ted Turner Drive, SW
Atlanta, GA 30303

Tamika R. Nordstrom
Constangy, Brooks, Smith & Prophete, LLP
Suite 240
230 Peachtree Street, N.W.
Atlanta, GA  30305-1515

Rebekah L Bailey
Nichols Kaster, PLLP
80 South Eighth Street
4600 IDS Center
Minneapolis, MN 55402

Doroteya N. Wozniak
Kim H. Stroup
James-Bates-Brannan-Groover-LLP
3399 Peachtree Road, NE, Suite 1700
Atlanta, GA 30326

OGIER, ROTHSCHILD & ROSENFELD, P.C.

By:     /s/ *Tamara Miles Ogier*
          Tamara Miles Ogier
          Georgia Bar No. 550355
          Attorney for Movant Brezzy Hurst

170 Mitchell St., SW
Atlanta, GA 30303
(404) 525-4000
tmo@orratl.com

9