IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>WBY, INC. D/B/A FOLLIES,<br><br>Debtor. | CHAPTER 11<br><br>Case No. 16-52291-JRS |

**OBJECTION OF STEVEN YOUNGELSON
AND SURREY R. WHITE TO ENTERTAINERS' CLAIMS**

Steven Youngelson and Surrey R. White ("Objectors"), equity holders of WBY, Inc., d/b/a Follies ("Debtor") and parties in interest in this case, submit the following objection ("Objection") pursuant to section 502 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 ("Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") to the claims listed on Exhibit "A" hereto ("Claims" or "POCs") filed by the claimants identified thereon ("Claimants").

Objectors seek to disallow the Claims because Claimants have insisted on referring to said Claims—and may seek to introduce the related POCs as evidence of the purported validity of such claims—in conjunction with litigation pending before the United States District Court for the Northern District of Georgia (the "District Court"). Objectors initially were not concerned as to such Claims because of the strict terms of the Plan preventing Claimants from continuing to pursue their Claims against Objectors as part of the settlement outlined in and consummated through the Plan. However, because Claimants continue to prosecute such Claims against Objectors despite the clear intentions of the parties to the Plan, Objectors remain concerned that

Claimants will utilize the Claims as "prima facie" evidence of the validity of their Claims and the alleged liability owed by Objectors to them under applicable law.[1]

Objectors dispute that they have any liability to Claimants under applicable law. Nevertheless, to prevent any such argument that the Claims have any impact on Objectors' alleged liability to Claimants, Objectors seek disallowance of the Claims. Objectors also seek to disallow the Claims based on testimony, received to date, showing that many if not all of the Claims were never reviewed by Claimants prior to their submission to this Court. Moreover, many of Claimants could not—during depositions—identify the Claims or provide information as to how the amounts of the Claims were calculated. None of the Claimants submitted any documentary evidence or support for their initial POCs (or, in some cases, for the amended POCs they later filed in the case). As such, these Claims are also objectionable (and should be disallowed) as a matter of law. In addition (and further exacerbating Claimants' failure to attach supporting information to their POCs), Objectors also seek to disallow any attempt to utilize the Claims as "prima facie" evidence of the validity of their Claims and the alleged liability owed by Objectors to Claimants. Finally, based on information provided by Claimants in the District Court litigation, it does not appear that many, if any, of the Claims are supported by any evidence that would justify the amounts sought by Claimants under the Claims.

For these reasons, the Claims should be disallowed. In support of this Objection, Objectors state:

---

[1] *See, e.g.,* Fed. R. Bankr. P. 3001(f); *McGee v. O'Connor (In re O'Connor),* 153 F.3d 258, 260-261 (5th Cir. 1998); *In re Mid-Am. Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).")

11805922.4

### Jurisdiction

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Objection is a "core" proceeding within the purview of, without limitation, 28 U.S.C. § 157(b). Venue of this Case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for relief sought herein is section 502 of the Bankruptcy Code.

### Background

2. On February 5, 2016 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code. Debtor sought bankruptcy relief to, among other things, resolve certain Fair Labor Standards Act ("FLSA") claims asserted against it and its management and owners, including the Objectors here.

3. Prior to the Petition Date, Debtor defended certain FLSA claims asserted by current and former entertainers claiming status as employees, and seeking back pay for minimum wages (the "Entertainers"). The following lawsuits relating to those claims were filed, and are still pending, in the United States District Court for the Northern District of Georgia: (a) *Constance Smith and Courtney Ellington v. WBY, Inc., et al.*, Case No. 16-cv-4017; (b) *Latoya Becton, et al. v. WBY, Inc., et al.*, Case No. 16-cv-4003; and (c) *Brezzy Hurst v. Youngelson, et al.*, Case No. 15-cv-3560 (hereinafter referred to as the "District Court Actions").

4. Entertainers largely consist of Claimants. In the District Court Actions, Claimants have referenced the Claims in their pleadings, or responding to and/or support of various motions filed by the parties to the litigation. *See*, *e.g.*, First Amended Complaint, p. 1, fn. 1, *Constance Smith and Courtney Ellington v. WBY, Inc., et al.*, Case No. 16-cv-4017, Doc

11805922.4

17; Response in Opposition to Defendants' Partial Motion to Dismiss, p. 3, *Latoya Becton, et al. v. WBY, Inc., et al.*, Case No. 16-cv-4003, Doc. 28.

5. After WBY filed for bankruptcy on February 5, 2016, the Entertainers filed their POCs with this Court, which provided no documentation in support of the alleged amount due in "wages earned and not paid."

6. The Entertainers in the *Smith* and *Becton* lawsuits are represented by Ainsworth Dudley. The Entertainer in the *Hurst* lawsuit is represented by the law firm of Delong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC.

7. During depositions of certain of the Entertainers conducted in this Case, each deponent admitted that she had never seen the proof of claim form filed on her behalf in this bankruptcy action. For example, in her deposition on December 19, 2017, Calesia Goddard testified as follows:

> Q: Did you file a claim in the bankruptcy?
>
> A: If my lawyer did. I'm not sure.
>
> Q: If you look at Exhibit 47 in the binder [the Proof of Claim]….If you look kind of in the middle, do you see your name there?
>
> A: I see it.
>
> Q: Okay. So have you ever seen this document before?
>
> A: No.
>
> Q: Okay. So do you know the purpose of this document? Do you have an understanding of that?
>
> A: No. No, I just – that's it.

*See* relevant excerpts from Deposition of Calesia Goddard, Exhibit "B", attached hereto.

11805922.4

8. In the depositions of seven other Entertainers (Donjanae Grant, Jasmine Stewart, Jessica Abraham, Jolene Nguyen, LaToya Becton, Shannon Jackson and Shelldon Hailey), their responses were substantially similar to Ms. Goddard's testimony.[2]

9. The Entertainers are seeking to use their POCs as prima facie evidence regarding the damages they are seeking in the District Court Actions, including for "wages earned and not paid."

**Argument**

10. A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. Fed. R. Bankr. P. 3001(f); *In re Mid-Am. Waste Sys., Inc.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002) ("A claimant filing a proof of claim must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f).").

12. The POCs here should be disallowed based on the deposition testimony taken in this Case, and Debtor's books and records. *In re Mid-Am. Waste Sys., Inc.*, 284 B.R. at 65. As noted above, the Entertainers deposed so far in this Case admitted that they had never seen the Claims filed on their behalf, nor did they have any understanding of what the Claims were for. (Ex. B, excerpts from Deposition of Calesia Goddard.) Thus, Claimants have provided nothing in support of their POCs, other than the bald assertion they are entitled to "wages earned and not paid."

13. Moreover, the Entertainers state in response to Question 7 of each of their POCs that they are attaching documents supporting their Claims, but have failed to do so.

---

[2] Copies of these transcripts are available upon request from Objectors.

11805922.4

13. Objectors thus respectfully request that each of the Claims listed in Exhibit A be disallowed.[3]

### Reservation of Rights

14. Objectors reserve the right to amend, modify, or supplement this Objection, and to file additional objections to the Claims (or any other claims filed by Claimants), including, without limitation, objections as to the amount, priority, or validity of the Claims, or any other claims (filed or not) against them, and as to whether the Claims, or any other claims, were timely and properly filed.  Moreover, should one or more of the grounds of objection stated in this Objection be overruled, Objectors reserve the right to object to the Claim on any other grounds that Objectors discover.

### Notice

15. Notice of this Objection will be served on (i) counsel of record for the Claimants in this Case, who are also listed as the notice parties on each of the Claimants' proofs of claim, and (ii) the Office of the United States Trustee.  In light of the nature of the relief requested, Objectors submit that no other or further notice need be given.

WHEREFORE, Objectors, Steve Youngelson and Surrey R. White, respectfully request that the Court enter an order granting the relief requested herein, disallowing the Claims listed on Exhibit "A," and granting such other and further relief as the Court may deem just and proper.

---

[3] As shareholders and parties to Debtor's plan, Objectors are parties in interest with standing to object to the Claims. 11 U.S.C. § 1109(b); s*ee also In re M4 Enters., Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995).

11805922.4

|  |  |
|---|---|
| Dated:  June 18, 2018 | BRYAN CAVE LEIGHTON PAISNER LLP |

/s/ *Brian C. Walsh*
Brian C. Walsh
Ga. Bar No. 735042
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020
brian.walsh@bclplaw.com

and

Jason J. DeJonker, admitted *pro hac vice*
161 N. Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5000
Facsimile: (312) 602-5050
Jason.dejonker@bclplaw.com

*Attorneys for Steven Youngelson and Surrey White*

## **CERTIFICATE OF SERVICE**

This is to certify that on June 18, 2018, I electronically filed the foregoing ***Objection to Proofs of Claim*** using the Court's CM/ECF filing system, which sends a notice of this filing and an accompanying link to this filing to all parties who have filed a notice of appearance in this case under the Court's CM/ECF system. Moreover, I further certify that on this day, I caused a copy of this filing be served via electronic mail on the parties set forth below at the electronic mail address shown for each.

Edward. F. Danowitz
Danowitz & Associates, PC
300 Galleria Parkway Suite 960
Atlanta, GA 30339
770-933-0960
Edanowitz@danowitzlegal.com

Lisa Wolgast
Morris Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Rd NE
Atlanta, GA 30326
404-233-7000
lwolgast@mmmlaw.com

Rebekah L. Bailey
Nichols Kaster, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
(612) 256-3200
bailey@nka.com

Tamara Miles Ogier
170 Mitchell St. SW
Atlanta, GA 30303
404-525-4000
tmo@orratl.com

Leon S. Jones
Jones & Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309
404-564-9300
ljones@joneswalden.com

Ainsworth G. Dudley
4200 Northside Parkway
Atlanta, GA 30327
404-687-8205
adudleylaw@gmail.com

Thomas Wayne Dworschak
Office of the U. S. Trustee
Room 362
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 331-4437
thomas.w.dworschak@usdoj.gov

                                  /s/ *Brian C. Walsh*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

WBY, INC. D/B/A FOLLIES,

Debtor.

CHAPTER 11

Case No. 16-52291-JRS

**ORDER SUSTAINING OBJECTION TO ENTERTAINERS' CLAIMS**

Upon review and consideration of Objectors Steve Youngelson and Surrey R. White's Objection to Proofs of Claim; the Court having reviewed the Objection; and the Court finding that notice of the Objection was due and sufficient; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained.

2. Those Claims identified on Exhibit "A" to the Objection are hereby disallowed and expunged in their entirety.

3. The disallowance of those Claims identified on Exhibit "A" to the Objection shall be applicable and binding for all purposes, including, but not limited to, receiving distributions under the Plan.

4. This Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order.

JAMES R. SACCA
UNITED STATES BANKRUPTCY JUDGE

11805922.4