UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **In Re:**<br><br>**WBY, INC., a/k/a FOLLIES**<br><br>**Debtor,** | CHAPTER 11<br><br>CASE NO. 16-52291-JRS |
| **RESPONSE TO OBJECTION OF STEVEN YOUNGELSON AND SURREY R. WHITE TO CLAIM OF BREZZY HURST** | |

COMES NOW Claimant Brezzy Hurst (hereinafter "Ms. Hurst" or "Claimant"), who files this Response to Objection of Steven Youngelson and Surrey R. White ("Youngelson and White") to her claim [Docket No. 600] ("the Objection") and who shows the Court as follows:[1]

This Objection is the latest in a series of ill-conceived motions attempting to change or limit the claims of certain claimants in the above case. This Objection seems to rest on two arguments: that some other similarly situated claimants, not Ms. Hurst, have attempted to introduce their claims into evidence in certain District Court litigation to which Ms. Hurst is not a party; and that certain similarly situated claimants, again not Ms. Hurst, have been unable to identify or calculate their claims when deposed. While it is difficult to imagine how either of these arguments would give rise to ANY claim being denied, they certainly should have no bearing on Ms. Hurst's claim.

---

[1] While no written response is technically required by Ms. Hurst due to the Objectors failure to utilize Local Form 3007-1(c), Ms. Hurst files this limited response in an abundance of caution. See Local Rule 3007-1.

-1-

**Background**

Ms. Hurst is the holder of a Class C claim under the confirmed Plan. Class C claimants are also known as "opt-out claimants" because they did not opt-in to a global settlement agreement with the Debtor that released the Debtor and Youngelson and White from further liability.[2] Pursuant to the confirmed Plan, the Debtor is obligated to pay all Class C claimants, including Ms. Hurst, 100% of their claims once liquidated by the District Court. While many of the Class C claimants are represented by one firm, Ms. Hurst has separate counsel and separate litigation pending in the District Court. Despite this, the Debtor and Youngelson and White continue to improperly lump her in with all other claimants.

**Improper Omnibus Objection**

This Objection is an excellent example of this improper lumping, as it is an omnibus objection that does not comply with the requirements of Fed.R.Bankr.P. 3007(c), (d), or (e). Said section provides in part as follows:

> c)    Limitation on Joinder of Claims Objections. Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection.
> d)    Omnibus Objection. Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:
>    (1)    they duplicate other claims;
>    (2)    they have been filed in the wrong case;
>    (3)    they have been amended by subsequently filed proofs of claim;
>    (4)    they were not timely filed;
>    (5)    they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

---

[2] Ms. Hurst is aware that certain opt-in claimants assert that Youngelson and White were not released by virtue of their opting-in. That is not relevant to and does not impact this Objection or Response.

    (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;
    (7) they are interests, rather than claims; or
    (8) they assert priority in an amount that exceeds the maximum amount under §507 of the Code.

The Objection to Ms. Hurst's claim meets none of the requirements for inclusion in an omnibus objection and there is no court order that would otherwise allow it. The Objection should be disallowed for that reason alone before even reaching the merits of the arguments.

**Ms. Hurst's Claim is not Disallowable Under 11 U.S.C. § 502**

  Section 11 U.S.C. § 502(b) provides that the bankruptcy court shall allow a claim unless:

1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;
2) such claim is for unmatured interest;
3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;
4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;
5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title;
6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—
    (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—
        (i) the date of the filing of the petition; and
        (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
    (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;
7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds—
    (A) the compensation provided by such contract, without acceleration, for one year following the earlier of—
        (i) the date of the filing of the petition; or

      (ii)    the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus

  (B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;

8) such claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or

9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide, and except that in a case under chapter 13, a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

Youngelson and White have argued that Ms. Hurst's claim should be disallowed because some other similarly situated claimants, not Ms. Hurst, have attempted to introduce their claims into evidence in certain District Court litigation to which Ms. Hurst is not a party; and that certain similarly situated claimants, again not Ms. Hurst, have been unable to identify or calculate their claims when deposed. Neither of these provide or even hint at a proper basis for disallowing a claim as articulated in 11 U.S.C. §502.

Indeed, this Objection seems like nothing more than a veiled attempt at forum shopping and to relitigate issues that have been litigated ad nauseum and have been addressed by this Court. The Debtor's confirmed Plan and previous Orders of this court make it clear that the district court will determine the value of Ms. Hurst's claim and that the Debtor will be bound by that determination and will pay 100% of the amount of the claim as determined by the District

Court. This is the latest in a series of attempts to shift the valuation of the claim from the District Court to the Bankruptcy Court and this, as with all previous efforts, should be denied.

WHEREFORE, for the foregoing reasons, Ms. Hurst requests that the Court Deny the Objection of Steven Youngelson and Surrey R. White to Claim of Brezzy Hurst.

Respectfully submitted, this 2nd day of July, 2018.

OGIER, ROTHSCHILD & ROSENFELD, P.C.

By: /s/ *Tamara Miles Ogier*
Tamara Miles Ogier
Georgia Bar No. 550355
Attorneys for Claimant

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
tmo@orratl.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Limited Objection to Joint Motion to Approve Settlement Agreement and Compromise of Claims by depositing them in the United States Mail, postage prepaid and addressed to:

Edward F. Danowitz, Jr.
Danowitz & Associates, P.C.
300 Galleria Parkway, NW
Suite 960
Atlanta, GA 30339

WBY, Inc
c/o Surrey White, President
4075 Buford Hwy.
Atlanta, GA 30345

Thomas Wayne Dworschak
Office of the U. S. Trustee
Room 362
75 Ted Turner Drive, SW
Atlanta, GA 30303

Lisa Wolgast, Esq.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326

Brian C. Walsh
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St Louis MO 63102

Jason J. DeJonker
Bryan Cave LLP
161 N. Clark Street, Suite 4300
Chicago, IL 60601

Rebekah L. Bailey
Nichols Kaster, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402

Leon S. Jones
Jones & Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309

Ainsworth G. Dudley
4200 Northside Parkway
Atlanta, GA 30327

Dated: July 2, 2018

OGIER, ROTHSCHILD & ROSENFELD, P.C.

By: */s/ Tamara Miles Ogier*
Tamara Miles Ogier
Georgia Bar No. 550355

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
tmo@orratl.com

-7-