IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br> **WBY, INC. D/B/A FOLLIES,** <br>    Debtor. | **CHAPTER 11** <br><br> **CASE NO. 16-52291-JRS** |
| **WBY, INC. D/B/A FOLLIES,** <br>    MOVANT, <br> v. <br> **CYDNEY BELL, SORAYA BARKER, RODRINNA BROOKS, CHANTERRIAA CAMERON, TONI DAVIS, NOELLE GREEN, GRACE KANG, HAILEY LYTLE, COURTNEY SACDALAN, JESSICA SAUNDERS, SAMANTHA SCHAFFER, KARENNA VAN HOOK, MIKKI WILLIAMS, EBONY YARBROUGH, COURTNEY ELLINGTON and CONSTANCE SMITH,** <br>    RESPONDENTS. | **CONTESTED MATTER** <br><br> **CLAIMS ESTIMATION MOTION (DOC. NOS. 560 AND 561)** |

**RESPONDENTS' NOTICE OF SUBPOENA**

COME NOW Cydney Bell, Soraya Barker, Rodrinna Brooks, Chanterria Cameron, Toni Davis, Noelle Green, Grace Kang, Hailey Lytle, Courtney Sacdalan, Jessica Saunders, Samantha Schaffer, Karenna Van Hook, Mikki Williams, Ebony Yarbrough, Courtney Ellington and Constance Smith ("Respondents"), respondents in the above contested matter, and pursuant to Fed. R. Civ. P. 45(a)(4), made applicable in this case by Federal Rule of Bankruptcy Procedure 9016, hereby gives notice that Respondents intend to serve Ford Harrison LLP with the "Subpoena to Produce Documents, Information, or Objects in a Bankruptcy Case," attached hereto as Exhibit "1."

Respectfully submitted this 27th day of March, 2019.

JONES & WALDEN, LLC
*/s/ Leon S. Jones*
Leon Jones
Georgia Bar No. 003980
Attorney for Respondents
21 Eighth Street, NE, Atlanta, Georgia 30309
(404) 564-9300
ljones@joneswalden.com

**Exhibit "1"**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____NORTHERN_____ District of _____GEORGIA_____

In re  WBY, INC. D/B/A FOLLIES
_____
                Debtor

*(Complete if issued in an adversary proceeding)*

WBY, INC. D/B/A FOLLIES
_____
                Plaintiff
                    v.
CYDNEY BELL, et. al. (See attached Schedule "1")
_____
                Defendant

Case No.  16-52291-JRS

Chapter  11

CONTESTED MATTER
CLAIMS ESTIMATION MOTION
(DOC. NOS. 560 AND 561)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Ford Harrison LLP, Attn: Records Custodian, 271 17th Street NW, Suite 1900, Atlanta, GA 30363
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  All documents listed on Exhibit "A" attached hereto.

| PLACE  Jones & Walden, LLC<br>21 8th Street NE, Atlanta, GA 30309 | DATE AND TIME<br>on or before April 9, 2019 at 4:00 PM |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.                     Parties listed on the attached Schedule "1"

Date:  March 26, 2019

CLERK OF COURT

_____            OR    _/s/ Leslie Pineyro, Esq._____
Signature of Clerk or Deputy Clerk                          Attorney's signature

The name, address, email address, and telephone number of the attorney representing the Parties listed on the attached Schedule "1"_____, who issues or requests this subpoena, are:
Leslie Pineyro, Jones & Walden, LLC, 21 8th Street NE, Atlanta, GA 30309, 404-564-9300 lpineyro@joneswalden.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Schedule "1"**

Complete list of Respondents in this Contested Matter (Claims Estimation Motion (Doc. Nos. 560 and 561)):

Cydney Bell, Soraya Barker, Rodrinna Brooks, Chanterria Cameron, Toni Davis, Noelle Green, Grace Kang, Hailey Lytle, Courtney Sacdalan, Jessica Saunders, Samantha Schaffer, Karenna Van Hook, Mikki Williams, Ebony Yarbrough, Courtney Ellington and Constance Smith.

# **Exhibit "A"**

1. Any and all documents, notes, memoranda, writings, e-mails, text messages, and tangible things provided to or received from WBY, Inc., its owners, or agents, or employees (collectively referred to as "Follies") at any time which concerns, relates to, mentions, or has anything to do with the classification of entertainers/waitresses as independent contractors.
2. Any and all documents, notes, memoranda, writings, e-mails, text messages, and tangible things provided to or received from Follies at any time which concerns, relates to, mentions, or has anything to do with Follies use of independent contractor agreements for entertainers/waitresses.
3. Any and all documents, notes, memoranda, writings, e-mails, text messages, and tangible things provided to or received from Follies at any time which concerns, relates to, mentions, or has anything to do with Follies use of arbitration agreements for entertainers/waitresses.
4. Any and all documents, notes, memoranda, writings, e-mails, text messages, and tangible things provided to or received from Follies at any time which concerns, relates to, mentions, or has anything to do with Follies use of collective action or class action waivers for entertainers/waitresses.
5. Any and all documents, notes, memoranda, writings, e-mails, text messages, and tangible things provided to or received from Follies at any time which concerns, relates to, mentions, or has anything to do with any exemptions under the FLSA applicable to entertainers/waitresses.
6. Any and all documents, notes, memoranda, writings, e-mails, text messages, and tangible things provided to or received from Follies at any time which concerns, relates to, mentions, or has anything to do with the record keeping requirements of the Fair Labor Standards Act ("FLSA") and its regulations pertaining to record keeping.
7. Any and all documents, notes, memoranda, writings, e-mails, text messages, and tangible things provided to or received from Follies at any time which concerns, relates to, mentions, or has anything to do with the tip credit provisions of the FLSA.
8. Any and all documents, notes, memoranda, writings, e-mails, text messages, and tangible things provided to or received from Follies at any time which concerns, relates to, mentions, or has anything to do with Follies' tip sharing or pooling with respect to entertainers/waitresses.
9. Any and all documents, notes, memoranda, writings, e-mails, text messages, and tangible things provided to or received from Follies at any time which concerns, relates to, mentions, or has anything to do with Follies' assessment of a house fee with respect to entertainers/waitresses.

10. Any and all documents, notes, memoranda, writings, e-mails, text messages, and tangible things provided to or received from Follies at any time which concerns, relates to, mentions, or has anything to do with Follies' practices and procedures relating to the payment of fees and tip-outs by its entertainers/waitresses.
11. Produce all correspondence, bills, or other documents showing fees and expenses billed by Ford & Harrison to Follies, evincing, showing, or related to any advice provided to Follies referred to in this Exhibit.
12. Any and all documents and correspondence sent to or received from the Defendants herein, their agents or employees, regarding or related to *Clincy v. Galardi South Enterprises, Inc*. or the repercussions or potential repercussions thereof on Follies' business or operations.
13. Any and all arbitration demands, arbitration pleadings, correspondence, arbitration files, arbitration awards, and decisions of any FLSA arbitration in which you represented the Defendants herein, their agents, or employees;
14. Every lawsuit, administrative action or demand, or arbitration demand filed against the Defendants herein for violations of the Fair Labor Standards Act;
15. Copies of any documents, reports, opinions, or materials sent to or received from any expert (either consulting expert or trial expert) in any FLSA lawsuit, action, or arbitration case in which you represented any of the Defendants herein.
16. Any documents evidencing sworn testimony provided by Follies in any FLSA lawsuit or arbitration involving an entertainer/waitress.
17. Any and all communications by and between Ford & Harrison and Follies regarding the issuance of notice to potential class members in *Tiara Payne and Kristin Journigan v. WBY, Inc. d/b/a Follies*, U.S. District Court for the Northern District of Georgia, Civil Action File No. 1:014-CV-913-SCJ.

Case 16-52291-jrs    Doc 619    Filed 03/27/19    Entered 03/27/19 11:37:28    Desc Main
Document    Page 7 of 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case of Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                  _____
                                                                 *Server's signature*

                                                  _____
                                                      *Printed name and title*

                                                  _____
                                                      *Server's address*

Additional information concerning attempted service, etc.:

Case 16-52291-jrs    Doc 619    Filed 03/27/19    Entered 03/27/19 11:37:28    Desc Main
Document      Page 8 of 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## CERTIFICATE OF SERVICE

   This is to certify that I have on this day electronically filed the foregoing *Notice of Subpoena* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program

- **Rebekah L Bailey**: bailey@nka.com;
- **Charles R. Bridgers**: charlesbridgers@dcbflegal.com; sarahtoenes@dcbflegal.com; ima@dcbflegal.com;
- **Edward F. Danowitz**: edanowitz@danowitzlegal.com; kkropp@danowitzlegal.com;
- **Ainsworth G. Dudley**: adudleylaw@gmail.com;
- **Mark I. Duedall**: Mark.Duedall@bclplaw.com; b.lyle@bclplaw.com;
- **Thomas Wayne Dworschak:** thomas.w.dworschak@usdoj.gov; lisa.maness@usdoj.gov; ltctommyd@aol.com;
- **Karen L. Kropp**: G27781@notify.cincompass.com;
- **Office of the United States Trustee**: ustpregion21.at.ecf@usdoj.gov;
- **Tamara Miles Ogier**: tmo@orratl.com; apr@orratl.com; jc@orratl.com; tmo@trustesolutions.net;
- **John K. Rezac**: jrezac@taylorenglish.com; twesley@taylorenglish.com;
- **Kim H. Stroup**: kstroup@jamesbatesllp.com;
- **Brian C. Walsh:** brian.walsh@bclplaw.com;
- **Matthew M. Weiss**: mweiss@fmglaw.com; mknuckles@fmglaw.com;
- **Lisa McVicker Wolgast**: lwolgast@mmmlaw.com;
- **Doroteya N. Wozniak**: dwozniak@jamesbatesllp.com; bhenderson@jamesbatesllp.com.

   This 27th day of March, 2019.

                     **JONES & WALDEN, LLC**

                     */s/ Leon S. Jones*
                     Leon Jones
                     Georgia Bar No. 003980
                     Attorney for Respondents
                     21 Eighth Street, NE
                     Atlanta, Georgia 30309
                     (404) 564-9300
                     ljones@joneswalden.com